951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Knight BOYLAND, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; Daryl Gates; Anthony De Los Reyes;
Lance Brisson; Kenneth J. Flowers; Antoine Y. Mansour,
M.D.; Casimiro U. Tolentino, in their official capacities
as Members and Officers of the Board of Civil Service
Commissioners, Defendants-Appellees.
 No. 91-55038.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1991.
Decided Dec. 30, 1991.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and McKIBBEN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 John Knight Boyland appeals from the summary judgment dismissal of his civil rights action under 42 U.S.C. § 1983. Boyland was employed by the City of Los Angeles as a garage attendant until his discharge on April 24, 1989, for insubordination and neglect of duty. He contends that he is entitled to a post-deprivation hearing under Los Angeles City Charter section 112 1/2.
 
 
 4
 Section 112(a), and not Section 112 1/2, establishes the procedure to be used by a discharged employee in securing a hearing following removal, discharge or suspension. Under section 112(a) an employee has five days from the date of discharge to request an investigation. Charter section 112(a) was printed on the discharge notice Boyland received on April 24, 1989. The undisputed facts reveal that Boyland never requested a section 112(a) investigation.
 
 
 5
 Boyland argues that section 112 1/2 provides an alternate method for seeking post-discharge review. This is incorrect. Section 112 1/2 imposes a notification requirement precedent to judicial action by a discharged employee. It is not a provision which initiates administrative review. Under section 112 1/2 a discharged employee must file a demand for reinstatement within ninety days after final discharge has been perfected by order of the board. Failure to file such a demand prevents an employee from bringing an action for reinstatement. Steen v. Board of Civil Service Commissioners, 160 P.2d 816 (Cal.1945) (en banc). In Steen the Supreme Court of California made the following observation about the relationship between sections 112(a) and 112 1/2:
 
 
 6
 With such a complete procedure for determining matters of discharge [112(a) ], no useful purpose could be served by the demand for reinstatement required by section 112 1/2 before the board had an opportunity to follow the fixed procedure for determining the very issue of reinstatement as well as whether the grounds for the discharge were sufficient.
 
 
 7
 Steen, 160 P.2d at 819. Boyland cannot demand reinstatement under 112 1/2, without first having pursued administrative remedies under section 112(a). Id.
 
 
 8
 There are infirmities in the notice procedure contained in section 112(a). The section was written in 1925 and refers only to an "investigation," rather than an employee's right to a post-discharge hearing. The language notifying a discharged employee that he or she is entitled to a post-discharge hearing is difficult to follow:
 
 
 9
 Within fifteen days after such [discharge] statement shall have been filed, the said board, upon its own motion, or upon written application of the person so removed, discharged or suspended, filed with said board within five days after service upon him of such statement, shall proceed to investigate the grounds for such removal, discharge or suspension.
 
 
 10
 Los Angeles City Charter, § 112(a), St.1925, p. 1067. The infirmities of section 112(a) do not, however, turn section 112 1/2 into something that it is not. Section 112(a) entitled Boyland to request, and receive, a post-discharge review. Section 112 1/2 presupposes that the 112(a) proceedings have been completed, and gives the board one last "opportunity to pass upon the issue before resort is had to the courts." Steen, 160 P.2d at 819. It does not authorize an alternate procedure for seeking post-discharge review.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3